IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>Defendant. | **8:26CV172**<br><br>**ORDER FOR BRIEFS ON JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT** |

In this case by the United States against the State of Nebraska, the United States seeks declaratory judgment that portions of four Nebraska statutes are preempted and unconstitutional under the Supremacy Clause of the United States Constitution, and it also seeks a permanent injunction enjoining the operation and enforcement of the pertinent portions of those state statutes. Filing 1 at 2. This case is before the Court on the parties' Joint Motion for Entry of Consent Judgment. Filing 2. The parties filed no brief in support of their Joint Motion. The Court concludes that NECivR 7.1(a)(1)(A) requires briefing in this matter as the Joint Motion raises a substantial issue of law.

The Court requests that the parties brief the substantive legal issues facing the Court in this lawsuit. The Court recognizes that the Complaint sets out much of the law that supports the Joint Motion. Nevertheless, the Court believes that Nebraska District Court local rules and other procedural considerations require briefing of this matter before it proceeds.

The Court also requests that the parties address the issue of subject-matter jurisdiction in this case, including how the Court has subject-matter jurisdiction under the "case or controversy requirement" of Article III of the U.S. Constitution given that the positions of both parties in this lawsuit appear to be aligned at this time. *See, e.g., 281 Care Comm. v. Arneson*, 638 F.3d 621,

1

626–27 (8th Cir. 2011); *United States v. Windsor*, 570 U.S. 744, 759–60 (2013). The Court requests that the parties provide authority as to how federal courts address cases such as the one presently in front of this Court, where a state's laws appear to be in clear violation of federal laws and the state's executive authorities do not defend the state's laws from federal legal challenge given such clear federal authority.

The Court further directs the parties to address whether the Court should give any deference to the agreement of the parties as to the constitutionality of the statutes referenced, or whether a federal court must conduct its own independent analysis of the legal issues involved in coming to any such conclusion.

Accordingly,

IT IS ORDERED that not later than May 8, 2026, the parties shall jointly or separately file briefs addressing the legal basis for the entry of the consent order requested and the Court's subject-matter jurisdiction to do so as outlined in this order.

IT IS FURTHER ORDERED that the Motion for Leave to Submit Brief of *Amicus Curiae*, Filing 14, is granted.

Dated this 24th day of April, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

2