# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

STATE OF NEBRASKA,

Defendant.

CASE NO. 8:26-CV-00172

**BRIEF OF *AMICUS CURIAE* SENATOR DUNIXI GUERECA REGARDING JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT**

## INTEREST OF AMICUS CURIAE

*Amicus Curiae* Senator Dunixi Guereca has a strong and unique interest in the resolution of the issues presented by this lawsuit. He represents southeast Omaha's Legislative District 7 in the Nebraska Legislature. District 7 has been a vibrant immigrant community for over 100 years. This lawsuit threatens his constituents with diminished access to post-secondary education and direct financial harm in the form of higher tuition.

As a sitting state senator, Senator Guereca also has a vested interest in maintaining the State of Nebraska's constitutionally mandated separation of powers and ensuring that the Legislature's lawmaking authority is not undermined by unlawful executive encroachment. He raises a highly relevant and dispositive jurisdictional issue that has not yet been raised but should be considered.

## BACKGROUND

This past legislative session, the Nebraska Legislature considered two bills, both of which would have repealed in-state tuition at public universities and colleges

for certain immigrants. L.B. 870, 109th Leg., 2d Sess. (Neb. 2026); L.B. 1061, 109th Leg., 2d Sess. (Neb. 2026). After strong opposition from Nebraskans, both bills failed. On April 17, 2026, the Legislature adjourned for the year.

Less than a week later, on April 21, 2026, Plaintiff United States filed a Complaint against Defendant State of Nebraska alleging that the provisions of Nebraska law that extend in-state tuition to certain immigrants are preempted by federal law. That same day, the parties filed a joint motion for entry of a consent judgment declaring these provisions of Nebraska law unenforceable and permanently enjoining the State of Nebraska from enforcing them. In effect, the consent judgment seeks to accomplish what L.B. 870 and L.B. 1061 tried but failed to achieve during the legislative session.

The parties' joint motion was filed "just hours" after the complaint. Press Release, Off. of Pub. Affs., U.S. Dep't of Just., *The Department of Justice Reaches a Proposed Consent Decree with Nebraska to Enjoin the State from Enforcing its Unconstitutional In-State Tuition and Scholarship Programs for Illegal Aliens* (Apr. 21, 2026), https://www.justice.gov/opa/pr/department-justice-reaches-proposed-consent-decree-nebraska-enjoin-state-enforcing-its. The joint motion—filed even before the United States requested summons, before the State of Nebraska waived service, and before counsel entered appearances—was quickly hailed by the Governor of Nebraska as "the latest example of the tremendous partnership between the State of Nebraska and the Trump Administration." *Id.* He applauded "the combined efforts of President Trump's Department of Justice and Attorney General Hilgers." *Id.*

Likewise, the Nebraska Attorney General asserted that Nebraska law "is unconstitutional" and that he filed a "joint motion with the Department of Justice in order to ensure that this unconstitutional law was permanently enjoined." *Id.*

## ARGUMENT

The parties to this action have openly acknowledged their complete alignment, describing this lawsuit as a tremendous partnership and combined effort to reach a mutually desired outcome. Consequently, there is no case or controversy, and this Court lacks jurisdiction to enter the consent judgment.

A federal court lacks jurisdiction absent a case or controversy. U.S. Const. art. III, § 2; *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."); *Vallesillo v. Money Tree Merch. Servs. Corp.*, No. 8:23-CV-536, 2024 WL 6891171, at *3 (D. Neb. May 23, 2024). "It is well settled that, where the parties agree on a constitutional question, there is no adversity and hence no Article III case or controversy." *Pool v. City of Houston*, 87 F.4th 733, 733–34 (5th Cir. 2023). Where "both litigants desire precisely the same result," there is "no case or controversy within the meaning of Art. III of the Constitution." *Moore v. Charlotte–Mecklenburg Bd. of Ed.*, 402 U.S. 47, 47–48 (1971). Rather, a "case or controversy" requires the parties to have adverse legal interests and to pursue an "honest and actual antagonistic assertion of rights" against each other. *United States v. Johnson*, 319

U.S. 302, 305 (1943) (quoting *Chicago & Grand Trunk Ry. Co. v. Wellman*, 143 U.S. 339, 345 (1892)).

The case-or-controversy requirement is fundamental to the judiciary's proper role. Without it, the Court is not presented with the strongest arguments and has no opportunity to consider both sides of the issue presented.

There is no case or controversy here. The executive branches of the United States and the State of Nebraska want the same thing: the invalidation of Nebraska laws that allow certain immigrant students to pay in-state tuition at public universities and colleges. In 2006, these laws were validly enacted by the Legislature. Twenty years later, the Legislature refused to repeal them. Now, the executive branches of two separate sovereigns are leveraging their "tremendous partnership" to achieve a result rejected by the Legislature. Because the United States and the State of Nebraska are aligned, the Court has been deprived of "an honest and actual antagonistic assertion of rights," and the constitutionality of the challenged laws has not yet been tested in the crucible of adversarial litigation.

\*     \*     \*

The parties—the executive branches of two sovereigns—have "combined efforts" in an apparent attempt to achieve a workaround to the more-difficult legislative process, which did not provide them with their desired result during the legislative session. If successful, the ramifications are stunning. The U.S. Department of Justice and the Nebraska Attorney General could invalidate any state law by joint agreement without any input from the Nebraska Legislature—the only

4

branch of government with the constitutional authority to make laws. Rather than achieve consensus through deliberative debate within the Legislature, which can take months or even years, the executive branches could simply choreograph a lawsuit in federal court and move for a consent judgment to achieve their desired result in "just hours," without feedback from other interested parties, including Nebraska citizens harmed by these changes.

But this is not the law, and it never has been. "It never was the thought that, by means of a friendly suit, a party beaten in the legislature could transfer to the courts an inquiry as to the constitutionality of the legislative act." *Chicago & Grand Trunk Ry. Co.*, 143 U.S. at 345.

This is not to say the parties do not have any ability to challenge the laws. Bills can be introduced in the Nebraska Legislature for consideration. And laws can be challenged in *adversarial* judicial proceedings. But the parties cannot invalidate laws with which they disagree in a matter of days "by means of a friendly suit."

### CONCLUSION

*Amicus Curiae* Senator Dunixi Guereca respectfully requests that this Court consider the arguments presented in this brief as it weighs whether to enter the proposed consent judgment.

DATED this 24th day of April, 2026.

Dunixi Guereca, Amicus Curiae

*/s/ Alexander S. Arkfeld*
Alexander S. Arkfeld, #27277
Shayna Prickett, #27293
Sydney L. Hayes, # 27051

5

GUTMAN LAW GROUP
2027 Dodge Street, Suite 527
Omaha, NE 68102
402-590-8988
alex@glg.law

ATTORNEYS FOR
AMICUS CURIAE

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d)(1)(D), the undersigned certifies that this brief complies with the requirements of subsection (d)(1) because it contains 1,281 words, including all text, the caption, headings, footnotes, and quotations, as determined by using the word-count function of Microsoft Word for Mac version 16.108.

/s/ *Alexander S. Arkfeld*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 24, 2026, the foregoing motion was filed electronically and has been served via the Court's ECF filing system on all registered counsel of record.

/s/ *Alexander S. Arkfeld*