## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

STATE OF NEBRASKA,

      Defendant.

Case No. 26-cv-172

Hon. Brian C. Buescher

## PROPOSED INTERVENORS' REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE

In light of the compressed timetable this Court has established for resolving Proposed Intervenors' motion to intervene, the Proposed Intervenors do not intend to submit a comprehensive reply to the Joint Brief in Opposition to Intervention, Filing No. 41, submitted by the United States and Nebraska ("the Parties). But a few points demand a response.

*First*, the Parties argue that True Potential Scholarship is not a real party in interest and lacks capacity to participate in this proceeding because it is not incorporated separately from Matters on Tomorrow, the non-profit corporation in which it operates. True Potential, which often does business in its own name, is the Matters on Tomorrow program directly impacted by the proposed consent decree and, accordingly, the intervention briefing focused on True Potential, rather than Matters on Tomorrow. But the intervention motion made no effort to disguise Matters on Tomorrow as a real party in interest, identifying the corporate parent by name. *See* Doc. 18. And for the avoidance of doubt, undersigned counsel are authorized to represent that Matters on Tomorrow has authorized the intervention motion in this case. Moreover, if the Court has doubts about whether the wrong entity has sought to participate, the proper course is to flag the alleged defect and to provide for a reasonable time to cure, not to deny intervention outright. *Cf.* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.").

1

*Second*, the Parties allege that the Proposed Intervenors have not identified specific recipients of their respective services who will be adversely affected by the proposed consent judgment. But both Proposed Intervenors have described the specific immigration statuses typical of the students they assist. *See* Filing No. 21, Ex. 1, ¶ 7 ("True Potential provides scholarship funds to students who are undocumented or are authorized to live in Nebraska through deferred action, Deferred Action for Childhood Arrivals ('DACA'), or Temporary Protected Status ('TPS')."); Filing No. 21, Ex. 2, ¶ 12 (identifying the Ukrainian immigrants served by Orel Alliance as generally having TPS, pending asylum applications, experiencing a gap in immigration status, or as waiting for adjudication of re-parole applications). Proposed Intervenors have also specifically explained why they credibly fear that Nebraska will construe the proposed consent decree (which does not even define the key term "lawfully present") to apply to individuals with these same immigration statuses or who are undocumented. *See* Filing No. 20 at 8–9 (explaining how Nebraska has construed lawful presence in the context of other programs). Any ambiguity is of the Parties' own making. And, tellingly, while the Parties insist that Proposed Intervenors' harms are speculative, they never deny that they would construe the consent judgment as applying to individuals with the immigration statuses served by the Proposed Intervenors.

*Third*, the Parties fail to grapple with the fact that Proposed Intervenors standing is supported by "commonsense economic realities." *Diamond Alternative Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100 (2025). There can be no credible dispute that if the

consent decree is approved, it will be more costly to Proposed Intervenors to provide their existing services to students. Cases concerning abstract ideological injuries or plaintiffs who sought to spend their way into standing have no applicability here.

*Finally,* the Parties insist that the Proposed Intervenors' interests are adequately represented by the State, notwithstanding the fact that the State capitulated the moment the suit was docketed and the Governor cheered "the combined efforts of President Trump's Department of Justice and Attorney General Hilgers" to secure the potential invalidation of a democratically enacted Nebraska statute. Filing No. 20 at 5. Even on the Parties own telling, Filing No. 41 at 9, "nonfeasance" is a sufficient basis for finding *parens pariae* to be inapplicable. *See also Chiglo v. City of Preston*, 104 F.3d 185, 188 (8th Cir. 1997) (finding the *parens pariae* presumption overcome when there was strong evidence that "the government was less than vigilant about protecting the public's interest"). Given the Attorney General's immediate surrender, that standard is surely met here. And if the Nebraska Attorney General were truly only concerned with "sav[ing] the taxpayers money," Filing No. 41 at 10, he would welcome the participation of the Proposed Intervenors, who are prepared to provide that defense gratis. The State's active opposition to intervention confirms that its position in this litigation is grounded in ideological hostility to the challenged statutes and is not merely a product of legal necessity.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors' motion to intervene should be granted.

May 20, 2026

Respectfully submitted,

*/s/ Nicholas Grandgenett*
Nicholas K. Grandgenett
  (NE Bar 27323)
Robert E. McEwen
  (NE Bar 24817)
James A. Goddard
  (NE Bar 24150)
947 O. St, Ste, 401
Lincoln, NE 68508
Phone: (402) 438-8853
Fax: (402) 438-0263


ngrandgennett@neappleseed.org
rmcewen@neappleseed.org
jgoddard@neappleseed.org

*/s/    Joshua Salzman*
Joshua M. Salzman*
  (DC Bar 982239)
Orlando Economos*
  (DC Bar 90013791)
Paul R.Q. Wolfson*
  (DC Bar 414759)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 921-4875

oeconomos@democracyforward.org
jsalzman@democracyforward.org
pwolfson@democracyforward.org


*Counsel for Proposed Intervenors*

* Admitted Pro Hac Vice

4

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), the undersigned, Proposed Interventors' attorney, hereby certifies that Proposed Intervenors' Reply Brief in Support of Motion to Intervene contains 822 words (including the caption, headings, footnotes, and quotations) in compliance with said rule. This Brief was prepared using Microsoft® Word (Version 16.108.3). The electronic version of this Brief was generated by converting to PDF from the original word processing file.

/s/ Orlando Economos
Orlando Economos

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

/s/ Orlando Economos
Orlando Economos

5