**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF NEBRASKA,

Defendant.

Case No. 26-cv-172

Hon. Brian C. Buescher

**MEMORANDUM IN SUPPORT OF MOTION
OF TRUE POTENTIAL SCHOLARSHIP AND OREL ALLIANCE
FOR STAY OF PROCEEDINGS PENDING APPEAL**

**INTRODUCTION**

True Potential Scholarship and Orel Alliance ("Movants") respectfully move this Court to stay consideration of the Parties' Joint Motion for Entry of Consent Judgment, Filing 2, pending disposition of the Movants' forthcoming appeal of this Court's order denying Movant's motion for intervention, Filing 43. Good cause exists to stay those proceedings.

On April 21, 2026, Plaintiff United States filed this suit challenging Nebraska's in-state tuition laws. Filing 1. The same day, both Plaintiff and Defendant Nebraska filed a joint motion for a consent decree invalidating the relevant provisions of Nebraska law. Filing 2. On May 7, 2026, Movants filed a motion to intervene. Filing 18. Following expedited briefing, on May 22, 2026, this Court issued an order denying

1

the intervention motion, indicating that a memorandum and order explaining the Court's reasoning would follow. Filing 43.

Movants intend to appeal the denial of intervention once the Court issues the memorandum supporting the order denying intervention referenced in Filing 43. In the meantime, judicial economy favors providing the court of appeals with an opportunity to resolve the intervention question before this Court is left to adjudicate the merits of a proposed consent decree without the benefit of the participation of a party defending the challenged statutes. The Parties oppose a stay. But given that the challenged statutes have been in force for two decades without objection from the United States and there is precedent in the District of Minnesota affirming the constitutionality of similar statutes, there is no compelling urgency that militates against a limited stay that would facilitate more orderly and efficient proceedings. *See United States v. Walz,* No. 0:25-cv-02668 (D. Minn. filed June 25, 2025).

Accordingly, in the interests of judicial economy and pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), Proposed Intervenors seek a stay of proceedings from this Court. Proposed Intervenors respectfully request the Court rule no later than June 1, 2026, to facilitate orderly appellate review.

## ARGUMENT

**1.** This Court's "inherent power to manage and control its docket," *Cottrell v. Duke,* 737 F.3d 1238, 1248 (8th Cir. 2013), provides sufficient authority to temporarily pause consideration of the pending motion for entry of consent judgment. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

2

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "In determining whether staying a case is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties." *Doe v. University of Nebraska*, No. 4:18-3142, 2020 WL 5057767 (D. Neb. Aug. 27, 2020).

Judicial resources will be conserved by a stay. If the Court grants the Parties' joint motion for a consent decree, and Movants subsequently prevail in their appeal of the denial of intervention, it would require either this Court or the Eighth Circuit to unwind the effect of the consent decree, potentially necessitating duplicative proceedings. Providing an opportunity for appellate review of the denial of intervention will avoid that possibility and facilitate orderly review. Those facts alone are a sufficient basis for issuing a stay.

Another district court recently entered a similar stay under similar circumstances. In *National Religious Broadcasters v. Bessent*, No. 6:24-CV-00311, 2025 WL 3645161 (E.D. Tex. Dec. 12, 2025), federal defendants moved with the plaintiffs for entry of a consent decree that would bar enforcement of a challenged statute against the plaintiffs. A public interest organization that was opposed to the consent decree sought to intervene. The district court denied intervention, but citing the "relatively small impact of delay on the potential future transaction at issue in this case," the court stayed proceedings pending disposition of any appeal by the putative intervenor challenging the denial of the intervention motion. *Id.* at *6. The same relief is warranted here.

3

**2.** While the Court has not yet issued a judgment, a stay would alternatively be warranted under the framework for considering motions seeking to stay the enforcement of a judgment pending the outcome of an appeal. Movants satisfy all four factors: they are likely to prevail on the merits of their defense of Nebraska law; they face irreparable harm absent a stay; the Parties will not be prejudiced by a stay; and the public interest favors a stay. *See Nken v. Holder*, 556 U.S. 418, 421 (2009).

Movants have a substantial likelihood of success on appeal. While the Court has not yet issued an opinion explaining its reasons for denying the intervention motion, courts are particularly solicitous of intervenors who are "public interest group[s]" seeking to participate in a case involving a "public interest question." *See La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305-06 (5th Cir. 2022) (quotation marks omitted). This Court's denial of intervention appears to be at odds with that principle.

Movants will also face hardship without a stay. As set out in Movants' briefs in support of the motion to intervene, Filing 19, and in opposition to motion for a consent decree, Filing 44, Movants stand to face substantial harm if the consent decree is entered. The consent decree would cause the costs of Movants' operations to skyrocket, imperiling their ability to perform their core missions. *See* Filing 21, Ex. 1, ¶¶ 7–8, 10, 16; Ex. 2, ¶¶ 10–15.

The Parties, by contrast, face no prejudice or irreparable harm from a stay, and the public interest favors granting a stay pending appeal. All the Parties can point to is the abstract sovereign injury to the United States of an alleged conflict between state and federal law—an injury it was waited twenty years to address. On the other

hand, the public interest of Nebraskans in maintaining their democratically enacted statutes is substantial. Moreover, if the consent decree is entered, and Movants ultimately prevail, thousands of students at Nebraska schools will be subjected to the whiplash of uncertainty about the future of their educations. Those students deserve the stability provided by orderly, adversarial proceedings.

The balance of the equities clearly favors Movants. Any interest in speed cannot outweigh the value of robust judicial inquiry. *Nken*, 556 U.S. at 427 ("The choice for a reviewing court should not be between justice on the fly or participation in what may be an 'idle ceremony.'") (quoting *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 10 (1942)). Viewed against the substantial, imminent, and irreparable harms Movants face, the balance of the equities clearly tips in favor of a stay.

## CONCLUSION

For the above reasons, Movants respectfully request this Court to stay consideration of the proposed consent judgment pending appeal, and to rule no later than June 1, 2026.

May 27, 2026

Respectfully submitted,

/s/ *Nicholas Grandgenett*
Nicholas K. Grandgenett
  (NE Bar 27323)
Robert E. McEwen
  (NE Bar 24817)
James A. Goddard
  (NE Bar 24150)
947 O. St, Ste, 401
Lincoln, NE 68508
Phone: (402) 438-8853

/s/ *Orlando Economos*
Orlando C. Economos*
  (DC Bar 90013791)
Joshua M. Salzman*
  (DC Bar 982239)
Paul R.Q. Wolfson*
  (DC Bar 414759)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043

Fax: (402) 438-0263

ngrandgennett@neappleseed.org
rmcewen@neappleseed.org
jgoddard@neappleseed.org

Phone: (202) 448-9090
Fax: (202) 921-4875

oeconomos@democracyforward.org
jsalzman@democracyforward.org
pwolfson@democracyforward.org

*Counsel for Movants*

\* Admitted *pro hac vice*

6

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d), the undersigned, attorney for Amici Curiae, hereby certifies that the above brief contains 1,128 words (including the caption, headings, footnotes, and quotations) in compliance with said rule. This Brief was prepared using Microsoft® Word (Version 16.108.3). The electronic version of this Brief was generated by converting to PDF from the original word processing file. No generative artificial intelligence was used in the drafting of this brief.

/s/ Orlando Economos
Orlando Economos

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

/s/ Orlando Economos
Orlando Economos