**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STATE OF NEBRASKA,

        Defendant.

Case No. 26-cv-172

Hon. Brian C. Buescher

**REPLY IN SUPPORT OF MOTION
OF TRUE POTENTIAL SCHOLARSHIP AND OREL ALLIANCE
FOR STAY OF PROCEEDINGS PENDING APPEAL**

Having requested a ruling by June 1, 2026, Movants True Potential Scholarship and Orel Alliance offer only a brief reply to the Parties' opposition to their motion for a stay. A few points, however, demand emphasis.

*First*, to the extent that the Parties suggest that a stay is warranted only if the Movants satisfy the four-part test in *Nken v. Holder*, 556 U.S. 418 (2009), they are incorrect. *Nken* applies only to motions to "stay the *enforcement of a judgment* pending the outcome of an appeal." *Id.* at 421 (emphasis added). Movants here seek a stay of consideration of the Parties' Joint Motion for a Consent Decree, Filing No. 2, before judgment is issued. Thus, this request can be resolved based on the Court's "inherent power to manage and control its docket." *Cottrell v. Duke*, 737 F.3d 1238,

1

1248 (8th Cir. 2013). Even if *Nken* applied here, Movants satisfy its four-factor test. *See* Filing 46 at 4–5.

*Second*, the parties fail to demonstrate any prejudice from a stay. Nebraska cannot and does not claim any interest in, let alone a pressing need for, the potential invalidation of its democratically enacted statutes. The United States asserts only an abstract sovereign interest that it has waited two decades to vindicate.

*Third*, the parties wrongly disregard the interests of the thousands of students who would potentially face a whipsaw should this Court enter the proposed consent decree only to have it vacated—forcing a redo of the underlying proceedings—should the court of appeals conclude that Movants were entitled to intervene. The substantial preference for adversarial proceedings when democratically enacted statutes are challenged, coupled with the evidence that the proposed consent decree threatens to substantially adversely impact Movants, *see* Filing 21, Exs. 1, 2, provide ample grounds for the Court to provide the Eighth Circuit for an opportunity to review the threshold question of intervention before potentially entering a highly disruptive consent decree.

*Finally*, judicial economy is clearly served by a stay, which will eliminate the potential for duplicative proceedings and any possible need to unwind the effects of the consent decree. Moreover, given the District of Minnesota's decision in *United States v. Walz*, a stay prevents a patchwork of interim law from developing within the Eighth Circuit while these instate tuition issues are being litigated. No. 25-CV-2668 (KMM/DTS), 2026 WL 851231 (D. Minn. Mar. 27, 2026). Inconsistency within

the Circuit will only lead to confusion, uncertainty, and, ultimately, additional litigation.

For these reasons and the reasons explained in Movants' brief, this Court should grant a stay of consideration of Filing No. 2 until this Court has had an opportunity to issue an opinion explaining its denial of Movants' intervention motion, Filing No. 43, and Movants have had a chance to seek appeal thereof.

May 31, 2026

Respectfully submitted,

*/s/ Nicholas Grandgenett*
Nicholas K. Grandgenett
  (NE Bar 27323)
Robert E. McEwen
  (NE Bar 24817)
James A. Goddard
  (NE Bar 24150)
947 O. St, Ste, 401
Lincoln, NE 68508
Phone: (402) 438-8853
Fax: (402) 438-0263

ngrandgennett@neappleseed.org
rmcewen@neappleseed.org
jgoddard@neappleseed.org

*/s/ Orlando Economos*
Orlando C. Economos*
  (DC Bar 90013791)
Joshua M. Salzman*
  (DC Bar 982239)
Paul R.Q. Wolfson*
  (DC Bar 414759)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 921-4875
oeconomos@democracyforward.org
jsalzman@democracyforward.org
pwolfson@democracyforward.org

*Counsel for Movants*

* Admitted *pro hac vice*

3

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), the undersigned hereby certifies that the above brief contains 506 words (including the caption, headings, footnotes, and quotations) in compliance with said rule. This Brief was prepared using Microsoft® Word (Version 16.108.3). The electronic version of this Brief was generated by converting to PDF from the original word processing file. No generative artificial intelligence was used in the drafting of this brief.

/s/ Orlando Economos
Orlando Economos

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

/s/ Orlando Economos
Orlando Economos